

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JACK GRATE | Case Number: 1416-CV27045 | **RECEIVED**<br>JAN 2 7 2015<br>Claim Managers |
|---|---|---|
| Plaintiff/Petitioner:<br>ROBIN DURBIN | Plaintiff's/Petitioner's Attorney/Address<br>LAURIE L DEL PERCIO<br>THE HORN LAW FIRM, P.C.<br>19049 VALLEY VIEW PARKWAY<br>SUITE J<br>INDEPENDENCE, MO 64055 | |
| vs. | | |
| Defendant/Respondent:<br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

SRV: REGISTERED AGENT
4700 SOUTH PROVIDENCE ROAD
COLUMBIA, MO 65217

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

16-JAN-2015
Date                                                                                        Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server    _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____
                              Date                          Notary Public

**Sheriff's Fees**
Summons           $_____
Non Est           $_____
Sheriff's Deputy Salary
Supplemental Surcharge $  10.00
Mileage           $_____ (_____ miles @ $_____ per mile)     25-494N-539
**Total**         $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 15-SMCC-480     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:15-cv-00143-BP   Document 1-2   Filed 02/24/15   Page 1 of 9

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

RECEIVED
JAN 27 2015
Claim Managers

| | |
|---|---|
| ROBIN DURBIN<br>20304 15th Terr. N.<br>Independence, Missouri 64058<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br><br>Please serve:<br>Registered Agent<br>4700 South Providence Road<br>Columbia, MO 65217-9987<br><br>Defendant. | Case No. _____<br><br>Division _____ |

### PETITION FOR DAMAGES

**COMES NOW** the Plaintiff, Robin Durbin, by and through undersigned counsel, and for her cause of action against the above-named Defendant states as follows:

1. Plaintiff, Robin Durbin, states that at all times mentioned herein she was a resident of Independence, Jackson County, Missouri.

2. Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "Defendant") at all times mentioned herein was a foreign corporation doing business in Missouri.

3. That Defendant maintains an office or an agent for the transaction of its usual and customary business in Jackson County, Missouri. Moreover, the subject collision occurred in Independence, Jackson County, Missouri. As such, jurisdiction and

-1-

venue are proper in Jackson County, Missouri at Independence.

4. Defendant may be served through its Registered Agent listed at the above address.

5. That removal is improper pursuant to 28 USC §1332 as the insured at all times relevant hereto was a resident of Missouri.

## COUNT I – BREACH OF CONTRACT

6. Robin Durbin repeats and realleges the general allegations contained in paragraphs 1 through 5 and incorporates them by reference herein.

7. That on or before the 14th day of May, 2013, Defendant issued a policy of insurance to Robin Durbin.

8. That on or about the 14th day of May, 2013, Plaintiff Robin Durbin was driving a 2005 Ford Escape. Said vehicle was traveling northbound on Noland Road.

9. At about said time and place, Floyd Elmore was operating a 2000 Chevrolet Suburban northbound on Noland Road.

10. That on or about May 14, 2013, Noland Road was a public street in Jackson County, Missouri.

11. That at said time and place, Floyd Elmore, as the driver of a motor vehicle on a Missouri public highway, owed a duty to exercise the highest degree of care with regard to all other motorists.

12. That at said time and place, Floyd Elmore drove his vehicle so carelessly and negligently as to allow the same to come into violent collision with the vehicle being driven by Robin Durbin.

13. That Floyd Elmore breached his duty of care and was negligent and careless in one

-2-

Case 4:15-cv-00143-BP   Document 1-2   Filed 02/24/15   Page 3 of 9
Electronically Filed - Jackson - Independence - November 19, 2014 - 02:12 PM

or more of the following respects:

(a)  In failing to keep a careful and vigilant lookout for other motor vehicles;

(b)  In having his vehicle come into contact with the rear of the vehicle that Robin Durbin was driving;

(a)  In failing to take proper precautions and measures to protect against the possibility of a collision;

(d)  In failing to swerve, turn, or take evasive action to avoid said collision once he knew, or by using the highest degree of care should have known, that there was a reasonable likelihood of a collision;

(e)  In driving at an excessive speed under the circumstances then and there existing;

(f)  In failing to keep the motor vehicle that he was operating under proper control; and

(g)  In following the vehicle in front of him too closely.

14. That as a direct and proximate result of the negligence of Floyd Elmore, Plaintiff was caused serious, permanent, and progressive injuries to her person, including:

(a)  her chest;

(b)  her head;

(c)  her neck;

(d)  her teeth;

(e)  her shoulder;

(f)  scarring; and

(g) her leg.

15. That as a direct and proximate result of the aforementioned careless and negligent acts and omissions on the part of Floyd Elmore, Robin Durbin has incurred substantial expenses relating to her medical care and treatment, was unable to work for a period of time and has had loss of income. In addition, Robin Durbin experienced a diminished enjoyment of life, pain and suffering, and will in the future continue to incur medical and other health care expenses, further loss of wages, great physical pain and diminished enjoyment of life, all of which Robin Durbin would not have otherwise incurred, lost or experienced but for the injuries she suffered as a result of Floyd Elmore's negligence.

16. That Defendant, in the above-referenced policy of insurance provided certain coverage, including protection against underinsured motorists. That Defendant agreed in its insurance policy to pay such damages for bodily injury which Plaintiff is entitled to collect and recover.

17. That Robin Durbin has been paid $25,000.00, the policy limit under Floyd Elmore's policy of insurance.

18. That Plaintiff Robin Durbin has made demand upon Defendant for payment of underinsured motorist coverage.

19. That Defendant has failed and refused to pay said sum.

20. That the refusal of Defendant to pay such sum is without reasonable cause or excuse.

**WHEREFORE,** Plaintiff respectfully prays that this Court enter a judgment in her favor and against Defendant in an amount that is fair and reasonable. In addition, Plaintiff respectfully prays

that this Court further order costs, other expenses incurred in connection with this cause and any other and further relief this Court deems just and proper.

## COUNT II - VEXATIOUS REFUSAL TO PAY

21. Robin Durbin repeats and realleges the allegations contained in paragraphs 1 through 20 and incorporates them by reference herein.

22. That Defendant has failed and refused to satisfy the claim made under the above-referenced policy, and that Defendant has refused to pay the loss of Plaintiff without reasonable cause and excuse and that, pursuant to the terms of Mo. Rev. Stat. §375.420, Plaintiff is entitled to additional damages equal to 20% of the first One Thousand Five Hundred and No/100 Dollars ($1,500.00) of her loss, 10% of the amount of her loss in excess of One Thousand Five Hundred and No/100 Dollars ($1,500.00), and reasonable attorney's fees.

**WHEREFORE,** Plaintiff prays for additional damages against Defendant pursuant to the terms of Mo. Rev. Stat. §375.420 for an amount equal to 20% of the first One Thousand Five Hundred and No/100 Dollars ($1,500.00) of damages, additional damages equal to 10% of her loss in excess of One Thousand Five Hundred and No/100 Dollars ($1,500.00), and reasonable attorney's fees; Plaintiff further prays that the cost of this action be assessed against Defendant, and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, by and through undersigned counsel, and requests a trial by jury on all issues raised herein.

THE HORN LAW FIRM, P.C.

*/s/*

_____
LAURIE DEL PERCIO   (MO #48458)
DOUGLAS R. HORN   (MO #37103)
19049 East Valley View Parkway, Suite J
Independence, Missouri 64055
(816) 795-7500
FAX (816) 795-7881
ldelpercio@hornlaw.com

**ATTORNEYS FOR PLAINTIFF**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
# AT INDEPENDENCE

ROBIN DURBIN,

          PLAINTIFF(S),                  CASE NO. 1416-CV27045

VS.                                                              DIVISION 17

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

          DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

    NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JACK GRATE** on **03-MAR-2015** in **DIVISION 17** at **08:45 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

    A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

    At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

Case 4:15-cv-00143-BP   Document 1-2   Filed 02/24/15   Page 8 of 9

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JACK GRATE**
JACK GRATE, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
LAURIE L DEL PERCIO, THE HORN LAW FIRM, P.C., 19049 VALLEY VIEW PARKWAY, SUITE J, INDEPENDENCE, MO 64055

DOUGLAS RONALD HORN, THE HORN LAW FIRM P.C., 19049 VALLEY VIEW PARKWAY, SUITE J, INDEPENDENCE, MO 64055

Defendant(s):
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Dated: 20-NOV-2014         **Jeffrey A. Eisenbeis**
                           Court Administrator